JOEL CULP and WILMA CULP, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Culp v. Commissioner
Docket No. 16777-82.
United States Tax Court
T.C. Memo 1984-78; 1984 Tax Ct. Memo LEXIS 594; 47 T.C.M. (CCH) 1112; T.C.M. (RIA) 84078; February 16, 1984. Joel Culp and Wilma Culp, Pro Se. Maureen C. Kopko, for the respondent. SWIFT
MEMORANDUM *595 FINDINGS OF FACT AND OPINION SWIFT, Judge: Respondent determined a deficiency in petitioners' Federal self-employment tax liability for 1980 in the amount of $405. Petitioners resided at Lansdale, Pennsylvania, at the time their petition was filed. They timely filed their 1980 Federal income tax return, Form 1040A. Petitioners requested respondent to figure the tax due thereon. Pursuant to such request, respondent determined on June 15, 1981, that there was no Federal income tax liability due for 1980, since petitioners reported income of only $5,000. By notice of deficiency dated April 16, 1982, however, respondent determined that petitioners owed self-employment taxes of $405 for 1980. Petitioners timely filed their petition herein on July 8, 1982. The issue for decision is whether Joel Culp (hereinafter "petitioner") was an employee or a self-employed independent contractor in 1980. Petitioner contends he was an employee and not subject to self-employment taxes. This case was tried on November 30, 1983, and the findings of fact are based on the evidence admitted at trial, including a partial stipulation of facts. FINDINGS OF FACT Petitioner earned income *596 in 1980 performing odd jobs, such as repairing household items and performing yard maintenance, including mowing grass and shoveling snow. Petitioner received no W-2 (Wage and Tax Statement) forms from the various people for whom he rendered services in 1980. Petitioner did not provide W-4 (Employee's Withholding Allowance Certificate) forms to any of these people. Petitioner worked whenever he was short of cash. He maintained no permanent or on-going relationship with any of the people for whom he rendered services. Petitioner always received the total amount of money promised for the services he was to render. No amount was withheld for social security taxes nor for Federal income taxes from the money paid to petitioner. Petitioner received no fringe benefits, such as sick pay, vacation pay or major medical insurance from the various people for whom he rendered services in 1980. Whenever petitioner worked, he had control of his own hours and was not supervised in the work he performed. The details of the job were left to petitioner.
OPINION Section 1401 [1] imposes social security and medicare taxes on self-employment income of individuals to pay for old-age, survivors *597 and disability insurance and hospital insurance. The amount of self-employment income subject to these taxes is established by section 1402(b). Section 1402(b)(2) provides that self-employment income shall not include "the net earnings from self-employment, if such net earnings for the taxable year are less than $400." Thus, if petitioner earned in excess of $400 in 1980 as income from self-employment, he will be subject to the taxes described in section 1401. In determining whether an individual is an employee or an independent contractor, the following factors are generally considered: (1) the degree of control over the details of the work exercised by the one for whom the services are rendered; (2) the nature of the investment by the taxpayer in the tools and facilities used in the work; (3) the opportunity of the individual for profit and loss; (4) whether or not the one for whom the services are rendered has the right to discharge the individual; (5) whether the work is a regular part of the business of the *598 one for whom the services are rendered; (6) the permanency of the relationship; and (7) the relationship the parties believe they are creating. United States v. Silk,331 U.S. 704, 716 (1947); Simpson v. Commissioner,64 T.C. 974, 984-985 (1975); Ellison v. Commissioner,55 T.C. 142, 152-153 (1970); 1 Restatement of Agency 2d, sec. 220 (1958). See also sec. 31.3121(d)-1(c)(2), Employment Tax Regs.
In assessing these factors, it is clear that petitioner was acting not as an employee but as an independent contractor in performing odd jobs during 1980. Petitioner had complete control over the details of the work; there were no tools or facilities to speak of in the performance of the odd jobs; petitioner worked on a fee basis without risk of loss; petitioner was hired to perform a specific service and was automatically terminated on completion of the job; petitioner performed odd jobs at the home of those for whom he rendered services and not at their places of business; petitioner performed services periodically and never developed a permanent or on-going employment relationship with those *599 for whom he rendered services; and the parties could not have believed the relationship to be anything but that of an independent contractor because of the failure to withhold employment taxes and the absence of the other indicia of an employment relationship. In summary, it is clear that petitioner was an independent contractor. As such, he was self-employed and subject to the self-employment taxes of section 1401. Therefore, Decision will be entered for the Respondent.
Footnotes
1. All section references, unless otherwise indicated, are to the Internal Revenue Code of 1954, as amended and in effect during the 1980 taxable year.↩